AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| JULIAN PHILIP, TRAVIS PHILIP and PEARL JOHN | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. 13cv4729(KAM)(LB) |
| THE CITY OF NEW YORK, et al. | ) ) ) | |
| *Defendant* | ) | |

SECOND AMENDED
**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  MICHAEL A. CARDOZO, Corporation Counsel of the City of New York
100 Church Street, New York, New York 10007   New York, NY
Sgt. Alan Myrthil, Patrol Bureau Brooklyn North, 179 Wilson Ave, Brooklyn, NY
P.O. Max Rolefot, 70th Precinct, 154 Lawrence Avenue, Brooklyn, NY,
P.O. Matthew Russo, 79th Precinct, 263 Tompkins Avenue, Brooklyn, NY
P.O. Yodarlyn Moronta, 105th Precinct, 92-08 222nd Street, Queens Village, NY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JULIAN PHILIP, TRAVIS PHILIP and PEARL JOHN,   Index No. 13-cv-4729 (KAM) (LB)

                Plaintiffs,

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

    -against-

THE CITY OF NEW YORK, SERGEANT ALAN MYRTHIL, P.O. MAX ROLEFOT, Shield No. 01669, P.O. MATTHEW RUSSO, and P.O. YODARLYN MORONTA, Shield No. 1268,

                Defendants.
-------------------------------------------------------------------------X

      Plaintiffs, JULIAN PHILIP, TRAVIS PHILIP and PEARL JOHN, by their attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JULIAN PHILIP is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Plaintiff TRAVIS PHILIP is an African-American male and was at all relevant times a resident of the City and State of New York.

8. Plaintiff PEARL JOHN is an African-American female and was at all relevant times a resident of the City and State of New York.

9. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

11. At all times hereinafter mentioned, the individually named defendants, SERGEANT ALAN MYRTHIL, P.O. MAX ROLEFOT, P.O. MATTHEW RUSSO, and P.O. YODARLYN MORONTA were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

15.     On or about January 31, 2012, at approximately 9:30 p.m., plaintiff TRAVIS PHILIP was lawfully present outside his apartment building located at 180 Vernon Avenue, in the county of Kings, in the City and State of New York.

16.     Plaintiff TRAVIS PHILIP proceeded to go inside his apartment building and walk up the stairs to his residence, Apartment No. 4.

17.     Thereafter, defendant police officers kicked open the lobby door of 180 Vernon Avenue.

18.     Defendant police officers then proceeded up the stairs to plaintiffs' residence.

19.     Defendants police officers then began to bang on the door of Apartment No. 4.

20.     Thereafter, plaintiff JULIAN PHILIP opened the door.

21.     Upon opening the door to the apartment, several defendant police officers proceeded to rush into the apartment, without any lawful basis for doing so.

### Plaintiff Julian Philip Is Assaulted Inside Of The Apartment

22.     Plaintiff JULIAN PHILIP asked defendant police officers if they had a warrant to search his lawful residence.

23. Thereafter, plaintiff JULIAN PHILIP was viciously assaulted by defendant police officers, without any warning or justification.

24. Defendant police officers then pulled out an asp and proceeded to hit PLAINTIFF JULIAN PHILIP multiple times in the face and body with said asp.

25. Plaintiff JULIAN PHILIP was beaten so severely that he temporarily lost consciousness.

26. After being beaten, plaintiff JULIAN PHILIP was dragged down the stairs to the lobby.

### Plaintiff Travis Philip Is Assaulted Inside of The Apartment

27. Upon the apartment door opening, three defendant police officers rushed into plaintiff TRAVIS PHILIP'S bedroom with their guns drawn.

28. Defendant police officers proceeded to then pistol-whip plaintiff TRAVIS PHILIP two to three times.

29. Thereafter, plaintiff TRAVIS PHILIP was dragged into the hallway by defendant police officers.

30. Plaintiff TRAVIS PHILIP was then punched in the face several times by defendant police officers.

31. Plaintiff TRAVIS PHILIP was then dragged down the stairs by defendant police officers.

### Plaintiffs Travis and Julian Phillip are Assaulted Again In The Lobby

32 After being dragged down the steps from apartment 4 to the lobby, plaintiffs TRAVIS and JULIAN PHILIP continued to be unlawfully beaten and assaulted by defendant police officers.

33. Plaintiffs TRAVIS and JULIAN PHILIP were beaten by defendant police officers using batons and asps in the lobby of 180 Vernon Avenue.

### Plaintiff Julian Philip's Injuries and Medical Treatment

34. Plaintiff JULIAN PHILIP was thereafter taken to the 79th precinct.

35. Upon arriving at the precinct, plaintiff JULIAN PHILIP had multiple injuries to his face, ribs, arms, hands and legs.

36. Plaintiff JULIAN PHILIP thereafter received treatment from EMS paramedics, and was brought to Woodhull Medical Center in Brooklyn, New York.

37. Plaintiff JULIAN PHILIP was treated at Woodhull Hospital, where he received *inter alia*, an MRI and several X-rays.

38. Plaintiff JULIAN PHILIP was then brought back to the 79th precinct.

39. Plaintiff JULIAN PHILIP was then taken to Central Booking.

40. Plaintiff JULIAN PHILIP spent the next three (3) days in central booking before he was arraigned.

41. Plaintiff JULIAN PHILIP was charged with, *inter alia*, assaulting an officer, obstruction of governmental administration, and resisting arrest.

42. In connection with this arrest, defendant police officers filled out false and misleading paperwork, and forwarded it to prosecutors in the Kings County District Attorney's Office.

43. Thereafter, plaintiff JULIAN PHILIP voluntarily appeared before a grand jury and testified about the subject incident.

44. On or about late April, 2012, the grand jury returned a "No True Bill" for each and every felony count, and all felony charges were dismissed against plaintiff JULIAN PHILIP.

45. Following his release from police custody, plaintiff JULIAN PHILIP received treatment for his multiple bodily injuries at Long Island Jewish Hospital in Brooklyn, New York.

### Plaintiff Pearl John

46. On or about February 1, 2012, at approximately 2:30A.M., plaintiff PEARL JOHN was awakened by defendant police officers banging on the door of her apartment located at 180 Vernon Avenue.

47. As she opened the door to find out who was knocking, defendant police officers then unlawfully rushed into the apartment.

48. Defendant police officers did not have a search warrant, or any arrest warrant.

49. Defendant police officers forced plaintiff PEARL JOHN to exit her residence immediately.

50. At the time, plaintiff PEARL JOHN was with her two (2) infant children and pleaded with the officers to let her stay in her apartment, as she had no place to go at such a late hour with her children.

51. Notwithstanding Ms. John's pleas, defendant police officers told her "We don't care where you go, just get out!"

52. Plaintiff PEARL JOHN was not allowed to return home for two (2) days. And needed to get permission from the 79th precinct before being able to return to her home.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

55. All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal

proceedings, without any probable cause, privilege or consent.

61. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants misrepresented and falsified evidence before the District Attorney.

64. Defendants did not make a complete and full statement of facts to the District Attorney.

65. Defendants withheld exculpatory evidence from the District Attorney.

66. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

67. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

68. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

69. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

70. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

71. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

72. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

73. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983

74. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

76. As a result of the foregoing, plaintiffs JULIAN PHILIP and TRAVIS PHILIP sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "76" as if the same were more fully set forth at length herein.

78. Defendant police officers had an affirmative duty to intervene to protect the constitutional rights of plaintiffs from being violated by other police officers in their presence.

79. Defendant police officers violated plaintiffs JULIAN and TRAVIS PHILIP'S constitutional rights in the presence of their police colleagues.

80. Defendant police officers had reason to know plaintiffs' constitutional rights were being violated.

81. Defendant police officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiffs but failed to do so.

82. Notwithstanding this opportunity, defendant police officers failed to intervene to prevent the violations of plaintiffs' constitutional rights.

83. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "83" as if the same were more fully set forth at length herein.

85. Defendants created false evidence against plaintiffs JULIAN PHILIP and TRAVIS PHILIP.

86. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

87. In creating false evidence against plaintiffs, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

88. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

89. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. The aforementioned individual defendants issued legal process to place plaintiffs under arrest.

91. The aforementioned individual defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

92. The aforementioned individual defendants acted with intent to do harm to plaintiffs, without excuse or justification.

93. As a result of the foregoing, plaintiffs sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

94. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "93" as if the same were more fully set forth at length herein.

95. Defendants arrested and incarcerated plaintiffs JULIAN and TRAVIS PHILIP in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

96. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

97. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

98. Said unlawful customs, policies, usages, practices and procedures include, but are not limited to: (1) unlawfully entering private dwellings without a search warrant and without any other legal basis, (2) unlawfully assaulting and beating occupants of a residence with attempting to apprehend an individual believed to be residing within the subject premises, (3) unlawfully using excessive force against African-Americans when conducting illegal searches and seizures.

99. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

100. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

101. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

102. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were incarcerated unlawfully.

103. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs

104. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

105. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

    E.    To receive equal protection under the law.

## FIRST CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW ASSAULT

106. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Plaintiffs have complied with all the conditions precedent of the bringing of this action, and have complied with all provisions of the Charter of the City of New York, and the plaintiffs have, prior to the bringing of this action and within ninety days after the injuries hereinafter described were received, duly served notice upon the Corporation Counsel and the Comptroller for the City of New York of their intention to sue upon the claim set forth. More than thirty days have elapsed since the presentation of the Notice of Claim, and that the said claim remains unadjusted and the said Comptroller has failed and/or refused to make any adjustment thereof. Plaintiffs have appeared for a hearing held pursuant to the General Municipal Law Section 50-h. The instant action is being filed within one year and ninety days of the date in which plaintiffs' claims accrued.

108. Defendants' aforementioned actions placed plaintiffs JULIAN PHILIP and TRAVIS PHILIP in apprehension of imminent harmful and offensive bodily contact.

109. As a result of the foregoing, plaintiffs JULIAN PHILIP, TRAVIS PHILIP and PEARL JOHN sustained, *inter alia*, loss of liberty, assault, battery, lost earnings, emotional

distress, embarrassment and humiliation and deprivation of their constitutional rights.

110.   As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

111.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Defendant police officers touched plaintiffs JULIAN PHILIP and TRAVIS PHILIP in a harmful and offensive manner.

113.   Defendant police officers did so without privilege or consent from plaintiffs.

114.   As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRD CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE ARREST

115.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.   Defendant police officers arrested plaintiffs in the absence of probable cause and without a warrant.

117.   As a result of the aforesaid conduct by defendants, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

118.   The aforesaid actions by the defendants constituted a deprivation of the plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

119. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. As a result of the foregoing, plaintiffs were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints.

121. Plaintiffs were conscious of said confinement and did not consent to same.

122. The confinement of plaintiffs was without probable cause and was not other wise privileged.

123. As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

124. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

126. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

127. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

128.   The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

129.   As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

130.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.   Defendant the City of New York owed a duty to the public at large, including but not limited to plaintiffs, to exercise reasonable care in the selection, hiring and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

132.   Defendant The City of New York failed to use reasonable care when it hired defendants polices officers "John Doe" #1 - 10.

133.   Defendant The City of New York failed to make reasonable inquiries into the background of defendant police officers "John Doe" # 1 - 10.

134.   Had defendant The City of New York used reasonable care in inquiring into the background of defendant police officers "John Doe" # 1 - 10, it would have learned that they were patently unqualified to serve as police officers in the New York City Police Department.

135.   As a result of the foregoing, defendant City of New York breached its duty to use reasonable care in the selection and hiring of all of its employees.

136. As a result of defendant City of New York's negligence in hiring defendant police officers "John Doe" # 1 - 10, plaintiffs were subjected to excessive force and to a false arrest by defendant police officers "John Doe" # 1 - 10.

137. Upon information and belief, this was not the first time that defendant police officers "John Doe" # 1 - 10 had used excessive force and/or made false arrests against a citizen of the City of New York.

138. Defendant City of New York knew, or in the exercise of reasonable care, should have known, that defendants police officers "John Doe" # 1 - 10 had a propensity for using excessive force and/or making false arrests against citizens of the City of New York.

139. Defendant The City of New York knew, or in the exercise of reasonable care, should have known, that defendant police officers "John Doe" # 1 - 10 had a propensity for engaging in grossly improper, inappropriate and unlawful conduct towards citizens of the City of New York, and then concealing such misconduct by making false accusations against such citizens.

140. Notwithstanding The City of New York's knowledge of the propensities of defendant police officers "John Doe" # 1 - 10 , defendant the City of New York retained defendant police officers "John Doe" # 1 - 10 as employees, and allowed them to continue to deal directly with the members of the public, including but not limited to, plaintiffs JULIAN and TRAVIS PHILIP.

141. In choosing to hire, and then retain, defendant police officers "John Doe" # 1 - 10, defendant City of New York breached its duty to the public at large, and to plaintiff Michel Livingston in particular, to use reasonable care in the selection and retention of its employees.

142. Defendant City of New York was further negligent in failing to provide adequate training regarding the use of force against civilians, and in failing to adequately supervise defendants in the performance of their occupational duties.

143. As a result of the foregoing, plaintiffs are entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damage against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs demand judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
February 25, 2014

BY: _____
JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396